UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. _____

**ELECTRONICALLY FILED**

MOHAMED KASSEM, SR., as administrator of
The estate of MOHAMED KASSEM, JR.                                                          PLAINTIFF

v.

BARNHART TRANSPORTATION LLC
and
CHARLES E. GRAHAM                                                                                     DEFENDANTS
_____

**NOTICE OF REMOVAL**
_____

Comes now the Defendants, Barnhart Transportation LLC (Barnhart) and Charles E. Graham (together "these Defendants"), by and through counsel, and files this Notice of Removal of the above civil action, currently pending as Civil Action No. 22-CI-00022 in the Gallatin Circuit Court in Gallatin County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Covington Division. In support of this Notice of Removal, these Defendants state as follows:

1. Plaintiff, Mohamed Kassem, Sr., as administrator of the Estate of Mohammed Kassem, Jr., filed a Summons and Complaint in Gallatin Circuit Court, Kentucky, Civil Action Number 22-CI-00022, naming Barnhart Transportation, LLC and Charles E. Graham as Defendants. Based on information and belief of facts obtained through the police report, decedent Mohamed Kassem, Jr. was a resident of the state of Kentucky. (attached hereto **Exhibit A** police report)

1

2. That under 28 U.S.C § 1332(a), a federal court has original diversity jurisdiction over a matter where the suit is between citizens of different states and the matter in controversy exceeds &75,000.00, exclusive of interest and costs.

3. That there is complete diversity of citizenship between the Plaintiff and each of the Defendants.

4. Plaintiff claims that he is entitled to damages as a result of the negligence of Defendant Graham, for which Plaintiff claims Barnhart is vicariously liable because Defendant Graham was employed by Barnhart. These Defendants have expressly denied these claims.

5. The present suit is a civil action, and the amount in controversy at the time of filing, exclusive of interest and costs, exceeds $75,000. Per Plaintiff's response to Graham's request for admission, he is seeking more than $75,000. *See* Plaintiff's Response to Graham's Request for Admission (attached hereto as **Exhibit B**).

6. The parties to the present action are all diverse from one another. "For purposes of the jurisdictional statute… a person is a citizen of a state if he is domiciled there." *Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Additionally, "a representative may rely upon his citizenship, rather than the citizenship of the party he represents, when he asserts federal jurisdiction based upon diversity of citizenship." *Gross v. Hougland*, 712 F.2d 1034, 1037 (6th Cir. 1983) (citing *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183 (1931)). Moreover, "the jurisdiction of the federal

courts depends upon the personal citizenship of the parties to the record, and not upon the citizenship of the parties whom they represent." *Deposit Guar. Bank & Tr. Co. v. Burton*, 380 F.2d 346, 348 (6th Cir. 1967) (quoting *Memphis St. R. Co. v. Bobo*, 232 F. 708, 710 (6th Cir. 1916)).

    a.    Based upon the Complaint, Plaintiff, Mohamed Kassem, Sr., as administrator of the estate of Mohammed Kassem, Jr., is a citizen of the state of Michigan. There are presently no facts in the record indicating that Plaintiff had the intention to make his home anywhere other than Michigan.

    b.    At the time of the loss decedent, Mohamed Kassem, Jr. was a citizen of the State of Kentucky based on information and belief of facts obtained through the police report. (attached hereto **Exhibit A**)

    c.    Defendant, Charles Graham, is a citizen of the State of Pennsylvania. From the time of the accident until the present, Defendant Graham has been a resident of Girard, Pennsylvania, and has not had the intention to make his home anywhere other than Pennsylvania.

    d.    Defendant Barnhart is incorporated and maintains its headquarters/principal place of business in the State of Pennsylvania. Therefore, Barnhart is considered a citizen of the State of Pennsylvania pursuant to 28 U.S.C. § 1332(c).

7.    Based upon the above, this action is one to which the United States District Court is given original jurisdiction under 28 U.S.C. § 1332(a)(1).

8. Based upon the above, removal of this action to the United States District Court

for the Eastern District of Kentucky, Covington Division is proper under 28 U.S.C. §1441.

9. This Notice of Removal is timely filed in this Court, being filed within one year of the date of the commencement of the action and within thirty (30) days of receipt by Defendant Graham's receipt of Plaintiff's responses to Defendant Graham's requests for admission, at which time it was first ascertained that the case is one that is removable, which occurred on or about April 29, 2022.  *See* 28 U.S.C. §1446(b).

10. That, pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Kentucky, at Covington, as the district and division embracing the Court where Civil Action No. 22-CI-00022, <u>Mohamed Kassem, Sr., as administrator of the estate of Mohamed Kassem, Jr. v. Barnhart Transportation LLC and Charles E. Graham</u>, is now pending, that being Gallatin Circuit Court, Gallatin County, Kentucky. *See* LR 3.1(a)(1)(B).

11. That these Defendants hereby consent to the removal of this action.

12. Written notice of the filing of this Notice for Removal will be given to all adverse parties, as required by law.

13. A true and correct copy of this Notice for Removal will be filed with the Clerk of the Gallatin Circuit Court, as required by law.

14. Filed herewith, and by reference made a part hereof, is a true and correct copy of all processes, exhibits, pleadings, and orders served on Defendants in this action (attached hereto as **Exhibit C**).

 WHEREFORE, that under 28 U.S.C. § 1332(a) a federal court has original diversity jurisdiction over a matter where the suit is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC

/s/  Estill D. Banks II
Estill D. Banks II
James E. Yeager III
327 Main Street
P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone:  (606) 789-3747
Facsimile:   (606) 314-0417
ebanks@pabb-law.com
jyeager@psbb-law.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was electronically filed with the Clerk of this Court using the CME/CF system, which will send a notice of electronic filing to the following participants, and a true and accurate copy of the foregoing was also served by U.S. mail, postage prepaid and/or electronically via email upon the following on this the 25th day of May 2022:

Aaron Williams
Benjamin Potash
Bubalo Law PLC
9300 Shelbyville Rd, Ste. 210
Louisville, KY  40222
awilliams@bubalolaw.com
bpotash@bubalolaw.com
*Attorneys for Plaintiff*

                                                                     /s/  Estill D. Banks II
                                                                       Estill D. Banks II